**PUBLISH**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

RICKEY WHITE,

      Petitioner-Appellant

v.

RON J. WARD, Warden, ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA, and OKLAHOMA
COURT OF CRIMINAL APPEALS,

      Respondents-Appellees.

No. 98-7014
D.C. No. CV-97-632-B

ORDER

Filed May 22, 1998

Before **PORFILIO**, **BALDOCK** and **LUCERO**, Circuit Judges

**PER CURIAM**.

This is an appeal from an order of the district court denying Rickey White's "petition for writ of mandamus pursuant to Rule 28 U.S.C.S. § 1651" in which Mr. White sought a mandamus to the Oklahoma Court of Criminal Appeals to rule on his pending state habeas matter. The district court dismissed for lack of subject matter jurisdiction. We affirm.

Although it appears from the district court docket sheet that the notice of appeal was filed January 16, 1998, more than 30 days after entry of the district court order on December 10, 1997, Mr. White attached to his brief a copy of this court's letter directing the district court to file a misdirected notice of appeal as of January 9, 1998 the date it was received in this court. *See* Fed. R. App. P. 4(a)(1)("If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date when the clerk received the notice and sent it to the clerk of the district court and the notice will be treated as filed in the district court on the date so noted.")

Thus the notice of appeal should have been docketed as filed on January 9, 1998. Accordingly, we conclude that there is jurisdiction to consider this appeal.

The district court correctly determined that it lacked jurisdiction to direct a state court to perform its duty. *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)(lower federal courts do not have the authority to issue a writ of mandamus to "'direct state courts or their judicial officers in the performance of their duties.'")(quoting *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). At most, a federal habeas court could forgive the exhaustion requirement. *See Harris v. Champion*, 938 F.2d 1062 (10th Cir. 1991).

Accordingly, the district court order is **AFFIRMED**. The mandate shall issue forthwith.