Michael W. SMITH, Plaintiff–
Appellant,

v.

SHELBY COUNTY, TENNESSEE;
William R. Key, Clerk; James Chellan, Defendants–Appellees.

No. 00–5792.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2001.

Before NORRIS, SILER, and BRIGHT,* Circuit Judges.

*ORDER*

Michael W. Smith appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

In 1997, Smith pleaded guilty to two counts of rape, two counts of burglary, and several misdemeanor counts. He was sentenced to concurrent terms totaling ten years of imprisonment.

In his civil rights complaint, Smith alleged that a Tennessee county, a county court clerk and a prosecuting attorney had violated his rights by delaying the adjudication of his petition for post-conviction relief and a motion to set aside his guilty pleas. The district court dismissed the case on May 1, 2000, and it is from this judgment that Smith now appeals.

We review the dismissal of this case *de novo. See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Dismissal was appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A, which authorize the dismissal of a prisoner civil rights complaint if it fails to raise a cognizable claim or if it seeks monetary relief from a defendant who is immune from such relief.

 The district court properly found that the individual defendants were protected by quasi-judicial and prosecutorial immunity. *See Ireland v. Tunis,* 113 F.3d 1435, 1447 (6th Cir.1997); *White by Swafford v. Gerbitz,* 892 F.2d 457, 463–64 (6th

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Cir.1989). Smith now argues that the court erred by raising this issue on its own initiative. However, the *sua sponte* dismissal of claims that are barred by immunity is expressly contemplated by §§ 1915(e)(2)(b)(iii) and 1915A(b)(2). Smith also argues that the defendants were not entitled to immunity because their actions were administrative. This argument fails because the defendants' alleged actions clearly involved the adjudication of his criminal case. *See Smith v. State,* No. W1999–01817–CCA–R3–PC, 2000 WL 1664262 (Tenn.Crim.App. Oct.23, 2000).

Smith argues that the defendants' immunity did not prevent the court from awarding him equitable relief. In rejecting this claim, the district court found that it could not direct the state courts in the performance of their duties. *See White v. Ward,* 145 F.3d 1139, 1140 (10th Cir.1998). Moreover, Smith's claims for equitable relief are now moot, as the Tennessee Court of Criminal Appeals recently entered a ruling in his post-conviction appeal, which remanded the case to allow him to withdraw his guilty pleas.

The district court found that the county could not be held liable solely under a theory of *respondeat superior. See Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). Smith correctly notes that he alleged in his complaint that the county had allowed its courts to follow a custom or policy of denying litigants a speedy trial. Nevertheless, dismissal was appropriate because these allegations were wholly conclusory. *See Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996).

Finally, Smith argues that he should have been allowed to amend his complaint. However, the district court need not allow an opportunity to amend before dismissing a case under § 1915(e)(2). *See McGore,* 114 F.3d at 612.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.