

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2006

# In Re: Mangino

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3954

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Mangino " (2006). *2006 Decisions*. Paper 324.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/324

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-365                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3954

IN RE:  WILLIAM MANGINO, III, M.D.,

Petitioner

_____

On Petition for Writ of Mandamus

_____

Submitted Under Rule 21, Fed. R. App. P.
September 28, 2006

Before:   FUENTES, VAN ANTWERPEN AND CHAGARES, <u>Circuit</u> <u>Judges</u>

(Filed  October 13, 2006)

_____

OPINION
_____

PER CURIAM

Petitioner William Mangino, III, M.D., has been charged in the Pennsylvania

Court of Common Pleas for Lawrence County, Pennsylvania, with, among other things,

violations of the Pennsylvania Controlled Substance, Drug, Device, and Cosmetic Act, 35

P.S. § 780-113(a)(14).  Mangino currently is awaiting trial on those and other charges.

He has filed an original petition for a writ of mandamus with this Court requesting that

we "permanently enjoin" the Commonwealth of Pennsylvania from prosecuting him

under that statute.  Because we lack jurisdiction to grant that relief, we will deny the

petition.

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue writs of mandamus only "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). It is thus well-settled that we may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist").

There is no such basis here. Mangino does not allege any action or omission by a United States District Court within this Circuit over which we might exercise our supervisory authority by way of mandamus. Cf. id. at 895 ("'The focal question posed for a Court of Appeals by a petition for the issuance of a writ is whether the action of the District Court tends to frustrate or impede the ultimate exercise by the Court of Appeals of its appellate jurisdiction granted in some other provision of the law.'") (citation omitted) (emphasis added). Nor does he allege any action or omission by a federal officer, employee, or agency that a United States District Court might have mandamus jurisdiction to address in the first instance. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") (emphasis added).

Instead, Mangino asks us to exercise our mandamus jurisdiction over a state

2

prosecutor or court to prohibit his prosecution. We do not have jurisdiction to grant that request. See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (explaining that District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"). See also White v. Ward, 145 F.3d 1139, 1139 (10th Cir. 1998) (explaining that federal courts "lack[] jurisdiction to direct a state court to perform its duty"); Demos v. United States Dist. Ct. for the E. Dist. of Wash., 925 F.2d 1160, 1161-62 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court.").

Accordingly, because we lack jurisdiction to grant the relief that Mangino requests, we will deny his petition.