DLD-068                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4379
_____

IN RE:  MARCUS L. WALLACE,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus
Related to M.D. Pa. No. 3-10-cv-01309

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 16, 2010

Before:  BARRY, FISHER AND STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 11, 2011)
_____

OPINION
_____

PER CURIAM

    Petitioner, Marcus Wallace, has been charged in the Court of Common Pleas of

Franklin County, Pennsylvania, with, among other things, first and second degree

murder, aggravated assault, and criminal mischief.  Wallace is currently awaiting trial on

those and other charges in three separate criminal cases, all before the Court of Common

Pleas.  He has filed an original petition for a writ of mandamus with this Court which

appears to be requesting that we compel the Honorable Richard J. Walsh of the Court of

Common Pleas to grant a discovery motion, exclude evidence, order the Government to produce forensic reports, order new forensic tests, and "quash" a defective preliminary hearing transcript. Because we lack jurisdiction to grant that relief, we will dismiss the petition.

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue writs of mandamus only "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). It is thus well-settled that we may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist").

There is no such basis here. Wallace does not allege any action or omission by a United States District Court within this Circuit over which we might exercise our supervisory authority by way of mandamus. Cf. id. at 895 ("'The focal question posed for a Court of Appeals by a petition for the issuance of a writ is whether the action of the District Court tends to frustrate or impede the ultimate exercise by the Court of Appeals of its appellate jurisdiction granted in some other provision of the law.'") (citation omitted) (emphasis added). Nor does he allege any action or omission by a federal officer, employee, or agency that a United States District Court might have mandamus jurisdiction to address in the first instance; see 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an

2

officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") (emphasis added).

Instead, Wallace asks us to exercise our mandamus jurisdiction over a state court to compel it to rule on trial issues. We do not have jurisdiction to grant that request. See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"); see also White v. Ward, 145 F.3d 1139, 1139 (10th Cir. 1998) (explaining that federal courts "lack[ ] jurisdiction to direct a state court to perform its duty"); Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court.").

Accordingly, because we lack jurisdiction to grant the relief that Wallace requests, we will dismiss his petition.