DLD-145                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1508
_____

IN RE:  MARCUS L. WALLACE,
                                                        Petitioner

_____

On a Petition for Writ of Prohibition from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3-10-cv-01309)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 24, 2011

Before:  BARRY, FISHER AND ROTH, Circuit Judges

(Opinion filed: July 20, 2011)
_____

OPINION
_____

PER CURIAM

Petitioner, Marcus Wallace, is currently awaiting trial in the Court of Common

Pleas of Franklin County, Pennsylvania, on charges of first and second degree murder,

aggravated assault, criminal mischief, and related charges.  He has filed an original

petition for a writ of prohibition with this Court that appears to be requesting that we

compel the Court of Common Pleas to dismiss the charges against him.  He argues the

Court of Common Pleas lacks personal jurisdiction over him for a variety of alleged

reasons. He also filed various accompanying motions in support of his petition for a writ of prohibition.

Although Wallace styles his petition as a writ of prohibition, it more accurately could be classified as a writ of mandamus, because it essentially asks us to compel the Court of Common Pleas to dismiss the charges against him. See In re Sch. Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990) (explaining that writs of prohibition traditionally confine an inferior court to a lawful exercise of its prescribed jurisdiction, while writs of mandamus compel lower courts to exercise their authority). Regardless of whether the petition is viewed as a writ of prohibition or a writ of mandamus, however, we lack jurisdiction to grant relief and will dismiss the petition. See id. ("[M]odern courts have shown little concern for the technical and historic differences between the two writs.").

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue writs of prohibition and mandamus only "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). It is thus well-settled that we may issue such writs only if there is an independent basis for subject matter jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist").

There is no such basis here. Wallace does not allege any action or omission by a United States District Court within this Circuit over which we might exercise our supervisory authority by way of prohibition or mandamus. Cf. id. at 895 ("'The focal

2

question posed for a Court of Appeals by a petition for the issuance of a writ is whether the action of the District Court tends to frustrate or impede the ultimate exercise by the Court of Appeals of its appellate jurisdiction granted in some other provision of the law.'") (citation omitted) (emphasis added). Nor does he allege any action or omission by a federal officer, employee, or agency that a United States District Court might have prohibition or mandamus jurisdiction to address in the first instance. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") (emphasis added).[1]

Instead, Wallace asks us to exercise our prohibition or mandamus jurisdiction over a state court to compel it to dismiss his case. We do not have jurisdiction to grant that request. See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"); see also White v. Ward, 145 F.3d 1139, 1139 (10th Cir. 1998) (explaining that federal courts "lack[ ] jurisdiction to direct a state court to perform its duty"); Demos v. U.S. Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court.").

---

[1] Although Wallace does refer to Magistrate Judge Andrew Smyser in his petition, it appears that he mistakenly believed he was filing his petition before the Magistrate Judge rather than this Court. To the extent that Wallace asks us to compel the Magistrate Judge to rule on Wallace's post-judgment District Court filings, we deny that request. For a more detailed analysis on that issue, we refer the reader to Wallace's related cases at C.A. Nos. 11-1509 and 11-1510.

Accordingly, because we lack jurisdiction to grant the relief that Wallace requests, we will dismiss his petition. In reaching our decision, we also considered Wallace's motions accompanying his petition for a writ of prohibition, and now dismiss them along with his petition.