BLD-033                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3730
_____

IN RE: JAMES ANDERSON, a/k/a J. Hendel,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Fed. R. App. Pro. 21
November 3, 2011

Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed: December 1, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Petitioner James Anderson, a/k/a James J. Hendel, pleaded guilty to aggravated

assault and unlawful restraint in the Philadelphia Court of Common Pleas.  On July 8,

1993, he was sentenced to a term of imprisonment of 5-17 years, to be followed by four

years of probation.  On September 11, 1997, Anderson filed a petition for writ of habeas

corpus, 28 U.S.C. § 2254, in the United States District Court for the Eastern District of

Pennsylvania.  The District Court dismissed the petition on the ground that Anderson's

claims were barred from federal habeas review due to a procedural default, and he could

not show cause for the default or that failure to consider his claims would result in a fundamental miscarriage of justice, see Coleman v. Thompson, 501 U.S. 722, 750 (1991). Anderson appealed, and we denied his application for a certificate of appealability in C.A. No. 98-1753 on November 26, 1999.

Anderson was paroled on November 6, 2009. He was rearrested and adjudicated guilty of a probation violation on March 16, 2010. Anderson then was sentenced on the probation violation to a new term of imprisonment of 2-4 years, to be followed by one year of probation.

In June, 2003, Anderson filed a second habeas corpus petition. It was transferred to this Court to be treated as an application to file a second or successive habeas corpus petition under 28 U.S.C. § 2244(b), and we denied the application (C.A. No. 04-1527). In 2005, Anderson filed a request for permission to file a second or successive habeas corpus petition. We denied the application (C.A. No. 05-2085). In 2007, Anderson filed a request for permission to file a second or successive habeas corpus petition. We denied the application (C.A. No. 07-1099).

Recently, Anderson filed another application in this Court for authorization to file a second or successive habeas corpus petition under 28 U.S.C § 2254. He also filed a motion to be exempt from the filing requirements of Third Cir. LAR 22.5. On April 27, 2011, we granted his motion to be exempt from the filing requirements of Third Cir. LAR 22.5, denied his application to file another section 2254 petition challenging his 1993 sentence, and advised him that he did not need authorization from us to challenge his new sentence of 2-4 years' imprisonment on the probation violation.

Anderson now files a petition for writ of mandamus pursuant to 28 U.S.C. § 1651, in which he argues that his access to the Philadelphia County Court of Common Pleas, has been, and is being, obstructed by the state court sentencing judge, the Honorable Paula Pryor Dembe, the Clerk of Courts, and John Wetzel, Secretary of the Department of Corrections. He seeks an order from us compelling the nominal respondents – Judge Dembe, DOC Secretary Wetzel, and the state Clerk of Courts – to cease and desist from blocking his correspondence with the state courts; to "formally enter" certain orders on the state court docket in order to reopen the time for appeal; to furnish him with certain records from his trial; and to correct all "errors and/or frauds" in the criminal record of his case, among other things. Eventually, Anderson hopes to file another application for authorization to file a second or successive habeas corpus petition under 28 U.S.C § 2254. (Petition, at 9.)

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Traditionally, it may be "used ... only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (quoting Will v. United States, 389 U.S. 90, 95 n.2 (1967)).

Anderson does not allege an action or omission by a United States District Court within this circuit over which we might exercise our authority by way of mandamus. Cf.

3

<u>United States v. Christian</u>, 660 F.2d 892, 895 (3d Cir. 1981) (focal question for federal appellate court is whether action of District Court impedes appellate jurisdiction granted in some other provision of law). He does not allege an action or omission by a federal officer, employee, or agency over which a United States District Court would have mandamus jurisdiction. <u>See</u> 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") Anderson asks only that we issue a writ of mandamus compelling action by state officials, but, under 28 U.S.C. § 1651 and <u>Kerr</u>, we lack authority to compel the nominal respondents to perform their duties in accordance with his wishes. <u>See</u> <u>White v. Ward</u>, 145 F.3d 1139, 1139 (10th Cir. 1998) (federal court lacks authority to direct state court to perform its duty); <u>Demos v. United States Dist. Court for the E. Dist. of Wash.</u>, 925 F.2d 1160, 1161 (9th Cir.1991) (same).

For the foregoing reasons, we will deny the petition for writ of mandamus.