**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1351
_____

IN RE:  JOHN K WHITEFORD,
                                                Petitioner

_____

On a Petition for Writ of Prohibition from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2:12-cv-00055)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 28, 2013
Before: AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: March 14, 2013)
_____

OPINION
_____

PER CURIAM

Pro se petitioner John K. Whiteford has filed a petition for a writ of prohibition that appears to be requesting that we compel the dismissal of his municipal criminal convictions and his civil fine.  For the reasons discussed below, we will dismiss Whiteford's petition for lack of jurisdiction.

The Pennsylvania Department of Environmental Protection granted the Whitefords conditional approval to dig a gas well, but they failed to obtain the appropriate grading permits and approvals.  In 2004 and 2005, they each received several notices of violation, and the

Magisterial District Judge determined that they had violated the Code. The Whitefords unsuccessfully appealed to the Court of Common Pleas and the Commonwealth Court. In 2007, the Whitefords filed suit pursuant to 42 U.S.C. § 1983 in the District Court, challenging their prosecution as criminal rather than civil proceedings, alleging that their convictions were not supported by evidence, and arguing that their multiple convictions violated the Double Jeopardy Clause. The District Court granted all of the defendants' motions to dismiss based upon claim preclusion, issue preclusion, prosecutorial immunity, and judicial immunity. This Court affirmed the District Court's judgment on direct appeal. See Whiteford v. Penn Hills Municipality, 323 F. App'x 163 (3d Cir. Apr. 8, 2009).

The Code was amended in January 2007 to provide for imprisonment as a possible penalty. In 2012, Whiteford filed a second § 1983 suit alleging that this amendment created an illegal ex post facto law. In September 2012, the District Court granted all of the defendants' motions to dismiss based upon, among other doctrines, the applicable statute of limitations. Whiteford's appeal of the District Court's judgment remains pending before this Court. See Whiteford v. Pennsylvania, No. 12-4290.

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue writs of prohibition and mandamus[1] only "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). "Before entertaining the [petition], then, we must identify a jurisdiction that the issuance of the writ

---

[1] While Whiteford states his request as seeking a writ of prohibition, insofar as he is asking us to compel action by the state court, his petition may be more properly construed as a petition for a writ of mandamus. See In re Sch. Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990). This distinction, however, does not affect our analysis here. See id. ("[M]odern courts have shown little concern for the technical and historic differences between the two writs.").

2

might assist." United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (internal quotation marks omitted).

We lack such jurisdiction over Whiteford's petition. He does not allege any act or omission by a United States District Court within this Circuit over which we might exercise authority by way of prohibition or mandamus. See id. at 895. Nor does he allege any act or omission by a federal officer, employee, or agency that a United States District Court might have prohibition or mandamus jurisdiction to address in the first instance. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

Instead, Whiteford asks us to exercise our prohibition or mandamus jurisdiction to compel the dismissal of his municipal convictions and fine. We lack jurisdiction to grant that request. See In re Wolenski, 324 F.2d 309, 309 (3d cir. 1963) (per curiam) (explaining that district court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"); see also White v. Ward, 145 F.3d 1139, 1139 (10th Cir. 1998) (explaining that federal courts "lack[] jurisdiction to direct a state court to perform its duty"); Demos v. U.S. Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court."). State courts are not "lower courts" from this Court's perspective, and principles of comity and federalism ensure that a federal court "ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it." In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981).

Accordingly, because we lack jurisdiction to grant the relief that Whiteford requests, we will dismiss his petition.[2]

---

[2] Insofar as Whiteford may be objecting to the District Court's judgment granting all of the defendants' motions to dismiss, prohibition is not the proper vehicle to raise his objection. "In accordance with our respect for the final judgment rule, 'a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal.'" In re Baldwin, 700 F.3d 122, 127 (3d Cir. 2012) (quoting In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998). A petition for a writ of prohibition or mandamus is not a substitute for an appeal. In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). Furthermore, to the extent that Whiteford seeks to vacate his municipal convictions, such relief is only available in a habeas corpus action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).