BLD-061                                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4232
_____

IN RE:  GLENN STEWART STITT,
                                                 Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 11, 2014

Before:  AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 17, 2014)
_____

OPINION*
_____

PER CURIAM

　　　State prisoner Glenn Stewart Stitt, proceeding pro se and in forma pauperis,

petitions for a writ of mandamus against the Court of Common Pleas of Berks County,

Pennsylvania, seeking to have this Court grant his immediate release from state prison,

declare that he is not and will never be subject to Pennsylvania's sex offender registration

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

requirements, protect him from future prosecution, remove certain state officials from public office, and award him millions of dollars in restitution and punitive damages.[1]

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Generally, mandamus is a "means 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" United States v. Christian, 660 F.2d 892, 893 (3d Cir. 1981) (quoting Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943)).

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue writs of mandamus "in aid of" our jurisdiction and "agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is well-settled that we may consider a petition for mandamus only if the action involves subject matter that may at some time come within this Court's appellate jurisdiction. See Christian, 660 F.2d 892, 894-95 (3d Cir. 1981). There is no basis for such jurisdiction here. Stitt does not allege any act or omission by a District Court within this Circuit over which we might exercise authority

---

[1] Stitt's petition appears to stem from incidents related to his 2005 arrest, 2006 bench trial, 2007 jury trial, and subsequent convictions in Berks County for failing to comply with state sex offender registration requirements. In connection with those proceedings, he alleges misconduct on the part of law enforcement officers and prosecuting attorneys, ineffective assistance of counsel, and judicial bias. We note that Stitt has filed several unsuccessful habeas petitions in the District Courts for the Eastern and Western Districts of Pennsylvania in connection with these state convictions. Further, an appeal from the denial of his most recent Post Conviction Relief Act petition is pending before the Pennsylvania Supreme Court. See Commonwealth v. Stitt, Pa. Supreme Ct. No. 726 MAL 2014 (filed Sept. 11, 2014).

2

by way of mandamus. Nor does he allege any act or omission by a federal officer, employee, or agency that a District Court might have mandamus jurisdiction to address in the first instance. See 28 U.S.C. § 1361. Instead, Stitt asks us to compel state authorities or courts to release him from prison, exempt him from state sex offender registration requirements, and refrain from future prosecution. We lack jurisdiction to grant this request. See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam); see also White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998) (explaining that federal courts "lack[ ] jurisdiction to direct a state court to perform its duty").

To the extent that Stitt seeks direct review of decisions by the Berks County Court of Common Pleas, this Court does not exercise appellate jurisdiction over those decisions. Cf. Port Auth. Police. Benevolent Ass'n v. Port Auth. of NY and NJ Police Dep't, 973 F.2d 169, 178-79 (3d Cir. 1992) (noting that "a federal district court may not sit as an appellate court to adjudicate appeals of state court proceedings."). If or when Stitt has exhausted his appellate and post-conviction remedies in the Pennsylvania state courts, the proper avenue for challenging a state conviction in federal court is by filing a habeas petition under 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001).[2]

---

[2] We note, however, that if a prisoner has filed a habeas petition that was adjudicated on the merits, he may not file a second or successive petition in the District Court without first seeking leave from the Court of Appeals. 28 U.S.C. § 2244(a)-(b).

Finally, to the extent that Stitt seeks review of any District Court decisions regarding his earlier habeas petitions or related motions, mandamus is not a substitute for appeal.  See In re Diet Drugs, 418 F.3d at 379.

Accordingly, we will deny the petition.