ALD-181                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1229
_____

IN RE:  MICHAEL D. DELBRIDGE,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. 2:05-cr-00135)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 6, 2017
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed: April 24, 2017)
_____

OPINION*
_____

PER CURIAM

On June 13, 2007, Petitioner, Michael Delbridge, pleaded guilty in the United

States District Court for the Western District of Pennsylvania to possession with the

intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §

841(a)(1), (b)(1)(B)(iii).  On March 26, 2006, while Delbridge was on federal pretrial

release, Delbridge was stopped by police in Fayette County, Pennsylvania.  During the

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

stop, police seized crack cocaine from Delbridge and, at issue here, $256.55 in U.S. currency, two cell phones, and a wallet. The Government thereafter obtained a second superseding indictment, charging Delbridge with possession with the intent to distribute crack cocaine on March 26, 2006. On May 4, 2009, Delbridge filed a motion for return of the personal property seized by state police on March 26, 2006, pursuant to Federal Rule of Criminal Procedure 41(g). With the consent of the Government (and with the exception of his request for interest on the seized cash), the District Court granted Delbridge's motion. See U.S.A. v. Delbridge, W.D. Pa. 2:05-cr-00135 (order entered on May 15, 2009). Delbridge thereafter filed a motion for return of property in the Fayette County Court of Common Pleas, which Delbridge claims has not been adjudicated. Delbridge has filed a petition for a writ of mandamus, requesting that this Court order the Court of Common Pleas of Fayette County to grant his motion for return of property.

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue writs of mandamus only "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). It is thus well-settled that we may issue such writs only if there is an independent basis for subject matter jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist").

There is no such basis here. Delbridge does not allege any action or omission by a United States District Court within this Circuit over which we might exercise our supervisory authority by way of prohibition or mandamus. Cf. 660 F.2d at 895 ("'The

focal question posed for a Court of Appeals by a petition for the issuance of a writ is whether the action of the District Court tends to frustrate or impede the ultimate exercise by the Court of Appeals of its appellate jurisdiction granted in some other provision of the law.'") (citation omitted) (emphasis added). Nor does he allege any action or omission by a federal officer, employee, or agency that a United States District Court might have mandamus jurisdiction to address in the first instance.[1] See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") (emphasis added).

Instead, Delbridge asks us to exercise our mandamus jurisdiction over a state court to compel it to act on his motion for return of property. We do not have jurisdiction to grant that request. See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"); see also White v. Ward, 145 F.3d 1139, 1139 (10th Cir. 1998) (per curiam) (explaining that a federal court "lack[s] jurisdiction to direct a state court to perform its duty").

---

[1] We note that the District Court ordered that "[t]he government shall make the appropriate arrangements for return of the requested property." In its response to Delbridge's motion, the Government stated that it had contacted the Uniontown Police Department and was awaiting information about the whereabouts of Delbridge's property. Delbridge does not assert that the Government has failed to follow the District Court's order, and Delbridge does not seek mandamus relief related to the Government's actions. In any event, Delbridge would have other adequate means to obtain relief if he were to seek redress based on alleged inaction by the Government

Accordingly, because we lack jurisdiction to grant the relief that Delbridge requests, we will dismiss his petition.