**BLD-171**                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1418
_____

IN RE:  JASON BROWN,
                                                             Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-16-cv-04528)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 23, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: May 15, 2017)

_____

OPINION[*]
_____

PER CURIAM

    Pro se petitioner, Jason Brown, seeks a writ of mandamus directing the City of

Philadelphia (hereafter "City") and Community Behavioral Health of Philadelphia

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

(hereafter "CBH") to pay him $900.000.  We will dismiss the petition.

Brown's mandamus petition is anything but a model of clarity.  As best we can decipher, it appears that Brown takes issue with some policies put forth by the City and CBH.  Brown asserts that these policies violate certain of his civil rights and, in fact, he filed a civil action against the City and CBH in August 2016.  See Brown v. City of Phila., et al., E.D. Civ. No. 16-cv-04528.  Brown sought leave to proceed with the complaint in forma pauperis.  However, because the affidavit of poverty provided by Brown contained no financial information, the District Court concluded that it was "insufficient" for purposes of determining Brown's ability to pay the associated filing fees.  An order was thus entered denying the motion without prejudice.  We dismissed Brown's appeal from that order for lack of appellate jurisdiction under 28 U.S.C. § 1291.  See C.A. No. 16-3508.  Brown has since submitted an amended affidavit supporting his in forma pauperis motion, which remains pending before the District Court.

Our mandamus jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction[] and agreeable to the usages and principles of law."  A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations.  See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976).  Traditionally, it may be used "only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'"  Id. (quoting Will v. United States, 389 U.S. 90,

2

95 (1967)).

Brown does not allege an action or omission by a United States District Court within this circuit over which we might exercise our mandamus authority. Cf. United States v. Christian, 660 F.2d 892, 895 (3d Cir. 1981) (focal question for federal appellate court is whether action of District Court impedes appellate jurisdiction granted in some other provision of law). Even if we broadly construed his petition as directed at the District Court for the Eastern District of Pennsylvania, we would deny mandamus relief. While Brown's in forma pauperis motion has been pending in the District Court for several months, we note that the pendency of his appeal from the original dismissal accounted for some of that time. We are confident that the District Court will consider Brown's motion without undue delay. Brown is free to file a mandamus petition seeking to compel the District Court to rule on his pending in forma pauperis motion if an order is not forthcoming in the near future.

Of course, if Brown is found eligible for pauper status, the District Court will then screen his complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Brown's recourse for any dissatisfaction with the District Court's disposition of the claims in his complaint must then be had through the appellate process after the court's entry of a final order. See In re: Chambers Dev. Co., Inc., 148 F. 3d 214, 226 (3d Cir. 1998) (mandamus relief is not available as a substitute for an appeal).

Moreover, Brown does not allege an action or omission by a federal officer,

3

employee, or agency over which a United States District Court would have mandamus jurisdiction. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Brown asks only that we issue a writ of mandamus compelling "action" by city officials. Under 28 U.S.C. § 1651 and Kerr, we lack mandamus authority to compel the respondents to perform their duties, or, as Brown would have it, to pay him damages as a sanction for failing to perform those duties in accordance with his wishes. See, e.g., In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"); see also White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998) (per curiam) (explaining that federal courts "lack[ ] jurisdiction to direct a state court to perform its duty"); Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court."). That argument is one for the District Court to consider in evaluating the merits of Brown's civil complaint.

Accordingly, as we lack jurisdiction to grant the request for mandamus relief, we will dismiss the petition.

4