DLD-138                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1068
_____

IN RE:  GEORGE M. ROWANN,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 1, 2018
Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: March 6, 2018)
_____

OPINION[*]
_____

PER CURIAM

      State prisoner George M. Rowann, proceeding pro se and in forma pauperis,

petitions for a writ of mandamus.  Rowann apparently is asking us to direct the Clerk of

Courts for the Pennsylvania Court of Common Pleas, Erie County ("the Clerk"), to file

and docket his habeas corpus petition.  The Clerk returned his petition, unprocessed,

citing a judge's order indicating that "the Clerk of Records shall not accept any further

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motions related to [Rowann's criminal cases] unless [Rowann] tenders the required fees," as Rowann had "abused the judicial system" by filing "nine post-conviction petitions in one form or another."

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Generally, mandamus is a "means 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" United States v. Christian, 660 F.2d 892, 893 (3d Cir. 1981) (quoting Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943)). A writ should not issue unless the petitioner has "no other adequate means to attain the relief desired," and has shown that his right to the writ is "clear and indisputable." In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378-79.

It is well-settled that we may consider a petition for mandamus only if the action involves subject matter that may at some time come within this Court's appellate jurisdiction. See Christian, 660 F.2d at 894-95. Here, however, Rowann does not allege any act or omission by a federal District Court within this Circuit over which we might exercise authority by way of mandamus. Nor does he allege any act or omission by a federal officer, employee, or agency that a District Court might have mandamus jurisdiction to address in the first instance. See 28 U.S.C. § 1361. Instead, Rowann asks us to order a state court or its officials to file and docket his petition. We lack the authority to grant this request. See In re Richards, 213 F.3d 773, 781 (3d Cir. 2000)

2

("[I]n the ordinary course of events, federal courts (except for the Supreme Court) lack appellate jurisdiction over their state counterparts, thus making writs of mandamus generally inappropriate."); see also White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998) (per curiam) (federal courts lack jurisdiction to direct a state court to rule on habeas petition).

Accordingly, we will deny the petition.[1]

---

[1] Rowann's motion for appointment of counsel is denied.