**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 18-1003
_____

IN RE:  CHARLES E. SMITH,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-16-cv-01503)
District Judge: Honorable Yvette Kane

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 9, 2018

Before:  RESTREPO, BIBAS and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 14, 2018)
_____

OPINION[*]
_____

PER CURIAM

In July 2016, Charles E. Smith filed a petition pursuant to 28 U.S.C. § 2254 in the

United States District Court for the Middle District of Pennsylvania.  By order and

memorandum entered on December 8, 2016, the District Court dismissed Smith's § 2254

petition without prejudice because there were ongoing state court proceedings, and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

declined to issue a certificate of appealability. Smith has filed a petition for writ of mandamus and a supplemental petition for writ of mandamus asking us to direct the District Court and the Dauphin County Court of Common Pleas to grant him relief. Smith has also filed motions to proceed in forma pauperis and to be relieved from the obligation to supply an inmate account statement.

Smith's motions to proceed in forma pauperis and to be relieved from the obligation to supply an inmate account statement are granted. For the reasons set forth below, we will deny the petition for mandamus.

Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Petitioners must establish that they have "no other adequate means" to obtain the relief requested, and that they have a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus may not be used as a substitute for appeal. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378-79.

To the extent that Smith asks us to order the District Court to rule on his § 2254 petition, he has already received the relief that he requested. To the extent that Smith challenges the handling of his case in the Dauphin County Court of Common Pleas, we typically lack mandamus jurisdiction over state courts. See White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998) (per curiam) (explaining that a federal court "lack[s] jurisdiction to direct a state court to perform its duty"). To the extent that he is trying to appeal the dismissal of his § 2254 petition, mandamus is not a substitute for appeal. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378-79. Finally, to the extent that he is

2

trying to raise new habeas claims, they should be raised in a § 2254 petition. Preiser v.

Rodriguez, 411 U.S. 475, 500 (1973).

Accordingly, we will deny Smith's petition.