CLD-121                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1083
_____

IN RE: SHAWN CHRISTY,
                                                Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 3:18-cr-00223-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 6, 2023
Before:  GREENAWAY, JR., MATEY, and FREEMAN, Circuit Judges

(Opinion filed: May 23, 2023)
_____

OPINION[*]
_____

PER CURIAM

     Shawn Christy seeks a writ of mandamus to compel the United States District

Court for the Middle District of Pennsylvania to act.  We will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Generally, mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (cleaned up). "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997).

Christy's petition is far from a model of clarity. While he seeks to compel the United States District Court for the Middle District of Pennsylvania to "expedite [a] current pending habeas corpus petition" he purportedly raised in M.D. Pa. Crim. No. 3:18-cr-00223, it does not appear that habeas proceedings are pending in that case. Further, the District Court has been ruling on his many filings. See, e.g., ECF No. 402. Christy also requests that this Court order the District Court to act on matters raised in various motions and prison grievances.[1] However, he has not demonstrated that any

---

[1] To the extent that this request involves matters raised in ECF Nos. 351, 352, 353, 354, 355, 356, 357, 359, 360, 361, 362, 364, 365, 366, 367, 370, 371, 373, 374, 375, 376, 377, 378, 380, 382, 383, 384, 385, 387, 388, 390, 391, 393, 394, 396, 397, 398, 400, or 401, the District Court entered an order denying those motions on February 3, 2023, see ECF No. 402, and therefore no mandamus relief is available. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996). Christy has also attached some documents referencing M.D. Civ. No. 3:22-cv-01681. We take judicial notice of that case. See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that a court may take judicial notice of the record from previous court

delay in the District Court has been excessive or that he cannot pursue the relief he seeks via an appeal. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (explaining that the writ of mandamus "must not be used as a mere substitute for appeal") (cleaned up).[2] Indeed, Christy has filed a counseled appeal from his convictions and sentences, and that appeal remains pending. See United States v. Christy, C.A. No. 20-2601.

Christy also references correspondence he attempted to send to a state courthouse. To the extent that he seeks this Court's intervention in a pending or completed state court action, we lack authority to grant such relief. See In re Richards, 213 F.3d 773, 781 (3d Cir. 2000) (explaining that, ordinarily, federal courts of appeal "lack appellate jurisdiction over their state counterparts, thus making writs of mandamus generally inappropriate"); White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998) (per curiam) (explaining that a federal court "lack[s] jurisdiction to direct a state court to perform its duty").

---

proceedings). However, the District Court has already dismissed Christy's complaint in that case, and there is nothing else pending in that case for this Court to order be expedited or otherwise acted upon. See Blanciak, 77 F.3d at 698–99.

[2] Relatedly, Christy requests to have his case assigned to a different District Court judge. However, he has asserted no facts upon which a reasonable person "would conclude that the [judges'] impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

Accordingly, because Christy has not shown a clear and indisputable right to mandamus relief, or that no other means exist to attain the relief he desires, we will deny his petition.  See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam). Christy's motions for the appointment of counsel and for emergency consideration are denied.  To the extent he requests any other relief, it is also denied.