**ALD-115**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1183
_____

IN RE: PETER DIPIETRO,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 30, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: May 26, 2023)
_____

OPINION[*]
_____

PER CURIAM

        Pro se petitioner Peter DiPietro seeks a writ of mandamus.  Because DiPietro has

not demonstrated that he is entitled to such relief, we will deny his petition.

        DiPietro's mandamus petition appears to seek this Court's assistance with a state

court criminal matter.  He has attached a motion that he filed in that case, as well as a

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

decision denying his motion. He appears to request an "accounting" and "subrogation from [an] implied trust to [an] expressed trust." See Mandamus Pet. at 1. DiPietro takes issue with "repudiation/dishonor" by a state court judge. Id. DiPietro has also attached filings from a state court eviction proceeding involving a cottage in a recreational resort community. DiPietro does not identify any pending federal action in his petition.

A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). Although DiPietro's requests are difficult to decipher, to the extent that he seeks this Court's intervention in a pending or completed state court action, we lack authority to grant such relief. See In re Richards, 213 F.3d 773, 781 (3d Cir. 2000) ("[I]n the ordinary course of events, federal courts (except for the Supreme Court) lack appellate jurisdiction over their state counterparts, thus making writs of mandamus generally inappropriate."); White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998) (per curiam) (explaining that a federal court "lack[s] jurisdiction to direct a state court to perform its duty"). We also generally do not interfere with state criminal prosecutions. See Younger v. Harris, 401 U.S. 37, 45 (1971). Accordingly, because DiPietro has not shown a clear and indisputable right to mandamus relief, and that no other means exist to attain the relief he desires, we will deny his petition. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam).