**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3039
_____

IN RE: DWIGHT CAMPBELL,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court
for the Western District of Pennsylvania
(Related to Nos. 3:20-cv-00151 & 3:20-cv-00228)

_____

Submitted Pursuant to Fed. R. App. P. 21
on December 27, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: January 8, 2025)
_____

OPINION*
_____

PER CURIAM

   Dwight Campbell, an inmate at SCI Huntingdon, has filed a petition for a writ of man-

damus. Campbell has filed suits in federal court claiming injuries related to his child cus-

tody and criminal proceedings in Blair County, Pennsylvania. The District Court dismissed

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

those suits, and we later affirmed those dismissals. *See* CA Nos. 22-1894 & 22-1903. His mandamus petition presents a sprawling narrative of his negative interactions with law enforcement in Blair County from 2015 to 2022, but the only relief he requests from this Court is to facilitate the filing of criminal charges against the listed defendants. We will deny the petition.

Mandamus is an extraordinary remedy granted only when a party has no other adequate means to obtain the desired relief, the party's right to the relief is "clear and indisputable," and "the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (quotation marks omitted).

Mandamus relief is clearly not warranted here. There is no clear and indisputable right to require the government to initiate criminal proceedings. *Linda R.S. v. Roland D.*, 410 U.S. 614, 619 (1973); *see also United States v. Berrigan*, 482 F.2d 171, 173-74 (3d Cir. 1973) (explaining that the government is permitted some selectivity in its enforcement of criminal laws). And though Campbell cites the Crime Victims' Rights Act (CVRA) in his petition, he has not been denied any right under the CVRA that could form the basis for mandamus relief in this Court because his only request in the petition is for this Court to facilitate a prosecution—an action which is contrary to the statute. *See* 18 U.S.C. § 3771(d)(6) ("Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction."); *cf. In re Wild*, 994 F.3d 1244, 1257 (11th Cir. 2021) (holding that § 3771(d) "does not create a private right of action by which a victim can initiate a freestanding lawsuit, wholly unconnected to any preexisting criminal prosecution").

2

Furthermore, to the extent that Campbell objects generally to the District Court's dismissal of his related civil complaints, a petition for writ of mandamus is not a substitute for an appeal, *see Gillette v. Prosper*, 858 F.3d 833, 841 (3d Cir. 2017), and in any event, he has already appealed those dismissals in this Court and lost. *See* CA Nos. 22-1894 & 22-1903. And to the extent that Campbell seeks this Court's intervention in any of the pending or completed state court criminal actions in which he is a defendant, we lack authority to grant such relief. *See In re Richards*, 213 F.3d 773, 781 (3d Cir. 2000) (explaining that, ordinarily, federal courts of appeal "lack appellate jurisdiction over their state counterparts, thus making writs of mandamus generally inappropriate"); *White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998) (per curiam) (explaining that a federal court "lack[s] jurisdiction to direct a state court to perform its duty").

Accordingly, we will deny the petition for writ of mandamus.[1]

---

[1] The motion for appointment of counsel is denied. The motion "to enforce rights of crime victim pursuant to 18 U.S.C. 3771" is also denied, for the same reasons detailed above.