ALD-084                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1086
_____

In re: JAMES ROBERT TICE,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. Nos. 1:24-cv-00044 & 1:24-cv-00046)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P. 21
February 13, 2025
Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: February 18, 2025)
_____

OPINION[*]
_____

PER CURIAM

       Pro se petitioner James Tice seeks a writ of mandamus relating to two cases, a

civil rights case and a federal habeas case, both of which he filed in the District Court in

February 2024.  Tice asks us to direct the District Court in those actions, and the state

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

court in his underlying criminal matter, to take a variety of actions, such as vacating his adult state court convictions, reversing the dismissal of his civil rights complaint, and granting his habeas petition. Because Tice has not demonstrated that he is entitled to such relief, we will deny his petition.

In his civil rights case, the District Court dismissed Tice's complaint upon defendants' filing motions to dismiss and pursuant to 28 U.S.C. § 1915(e)(2)(B). Tice v. Wilson, No. 24-cv-44, 2024 WL 4336306, at *1 (September 27, 2024). Tice filed an appeal that is currently pending before us and in which he has already filed his brief. In Tice's habeas petition, the Magistrate Judge issued a recent report and recommendation to which Tice filed objections on the same day he filed this petition. See Tice v. Wilson, No. 24-cv-00046. The District Court has yet to rule on the report and Tice's objections. See id.

"The writ of mandamus is an extreme remedy reserved for only the most extraordinary situations." In re Abbott Labs., 96 F.4th 371, 379 (3d Cir. 2024) (cleaned up). It is not a substitute for the appeal process. In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). We have the discretion to grant a writ only if the petitioner shows: "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a likelihood of irreparable injury." In re Abbott Labs., 96 F.4th at 379 (cleaned up).

Tice does not meet those standards. He has not identified any reason that he cannot obtain the relief he seeks concerning his civil-rights case in his ongoing direct appeal or the relief he seeks concerning his habeas matter either in the District Court or, if necessary, on appeal. See In re Kensington Int'l Ltd., 353 F.3d at 219 ("If, in effect, an appeal will lie, mandamus will not.").

Finally, to the extent that Tice asks us to direct the state court to take action, we lack authority to grant such relief. See In re Richards, 213 F.3d 773, 781 (3d Cir. 2000) (explaining that federal courts of appeal ordinarily "lack appellate jurisdiction over their state counterparts, thus making writs of mandamus generally inappropriate"); White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998) (per curiam) (explaining that a federal court "lack[s] jurisdiction to direct a state court to perform its duty").

For these reasons, we will deny the mandamus petition.

3