DLD-047                                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3141
_____

IN RE: GAETANO DIANESE,
                                         Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 11, 2025

Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed: December 19, 2025)
_____

OPINION[*]
_____

PER CURIAM

Gaetano Dianese has filed a petition for a writ of mandamus.[1] He requests this

Court's intervention in the restoration of his driver's license, the transfer to him of an

unspecified trust of which he alleges he is the beneficiary, and the payment to him of an

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Dianese recently filed an amendment to his original petition, which we have also considered.

unspecified "default judgment" by the United States District Court for the Eastern District of Pennsylvania which he claims is worth billions of dollars. We will deny the petition.

Mandamus is an extraordinary remedy granted only when a party has no other adequate means to obtain the desired relief, the party's right to the relief is "clear and indisputable," and "the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (quotation marks omitted).

Mandamus relief is clearly not warranted here. To the extent Gaetano seeks to challenge any prior rulings of the Eastern District of Pennsylvania, a petition for writ of mandamus is not a substitute for an appeal. *See Gillette v. Prosper*, 858 F.3d 833, 841 (3d Cir. 2017). To the extent that Gaetano seeks this Court's intervention in any pending or completed New Jersey or Pennsylvania state court actions in which he is a party, we lack authority to grant such relief. *See In re Richards*, 213 F.3d 773, 781 (3d Cir. 2000) (explaining that, ordinarily, federal courts of appeal "lack appellate jurisdiction over their state counterparts, thus making writs of mandamus generally inappropriate"); *White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998) (per curiam) (explaining that a federal court "lack[s] jurisdiction to direct a state court to perform its duty"). And to the extent Gaetano seeks this Court's intervention in the restoration of his driver's license, we lack the authority to issue a writ of mandamus compelling action by state officials. *See In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam).

Accordingly, we will deny the petition for writ of mandamus.