BLD-123                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1031
_____

IN RE:  GLENN STEWART STITT,
                                                      Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 26, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: March 9, 2015)
_____

OPINION*
_____

PER CURIAM

        State prisoner Glenn Stewart Stitt, proceeding pro se and in forma pauperis,

petitions for a writ of mandamus on the grounds that Commonwealth v. Neiman, 84 A.3d

603 (Pa. 2013), invalidated the Pennsylvania sex offender registration laws that Stitt was

convicted of violating.  Stitt seeks an order from this Court directing the Pennsylvania

state courts to "void" all sentences and convictions for violations of those registration

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

laws, immediately release all persons imprisoned for such violations, and award him millions of dollars in restitution.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Generally, mandamus is a "means 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" United States v. Christian, 660 F.2d 892, 893 (3d Cir. 1981) (quoting Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943)). A writ should not issue unless the petitioner has "no other adequate means to attain the desired relief," and has shown that his right to the writ is "clear and indisputable." In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998). Even when these prerequisites are satisfied, issuance of the writ is largely discretionary. In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003).

It is well-settled that we may consider a petition for mandamus only if the action involves subject matter that may at some time come within this Court's appellate jurisdiction. See Christian, 660 F.2d 892, 894-95 (3d Cir. 1981). Here, however, Stitt does not allege any act or omission by a District Court within this Circuit over which we might exercise authority by way of mandamus. Nor does he allege any act or omission by a federal officer, employee, or agency that a District Court might have mandamus jurisdiction to address in the first instance. See 28 U.S.C. § 1361. Instead, Stitt asks us to order state courts to void state convictions and sentences and release state prisoners. We lack the authority to grant this request. See In re Wolenski, 324 F.2d 309, 309 (3d

2

Cir. 1963) (per curiam); see also White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998) (explaining that federal courts "lack[ ] jurisdiction to direct a state court to perform its duty").[1]

Moreover, mandamus may not be used as a substitute for appeal. See In re Diet Drugs, 418 F.3d at 378–79 (citing Cheney v. U.S. Dist. Ct. for Dist. of Columbia, 542 U.S. 367, 380–81, 124 S. Ct. 2576, 159 L. Ed. 2d 459 (2004)). "If, in effect, an appeal will lie, mandamus will not." In re Kensington Int'l Ltd., 353 F.3d at 219. Stitt has already appealed the District Court's August 13, 2014, and December 17, 2014 interlocutory orders denying his motions for immediate release in Stitt v. Commonwealth of Pennsylvania, W.D. Pa. Civ. No. 12-cv-00160. His motions for immediate release were based on the same argument raised in this mandamus petition. That appeal remains pending before this Court. See Stitt v. State of Pennsylvania, C.A. No. 14-3886 (docketed Sept. 12, 2014). Furthermore, Stitt does not appear to have appealed the District Court's final order denying his habeas petition in W.D. Pa. Civ. No. 12-cv-00160, which was entered on January 20, 2015.

Accordingly, we will deny the petition.

---

[1] To the extent that Stitt seeks to challenge the constitutionality of his state conviction or sentence in federal court, he must file a habeas petition under 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). We note, however, that if a prisoner has filed a previous habeas petition that was adjudicated on the merits, he may not file a second or successive petition in the district courts without first seeking leave from the Court of Appeals. 28 U.S.C. § 2244(a)-(b).