BLD- 265                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3927
_____

JOHN R. WALSH III,
                                        Appellant

v.

HONORABLE JUDGE TRISH CORBETT,
Lackawanna County Court of Common Pleas
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-02313)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2016
Before: FUENTES, KRASUE, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 7, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John R. Walsh III appeals from an order of the United States District Court for the Middle District of Pennsylvania, which dismissed his case. As no substantial question is presented by the appeal, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6.

Walsh filed in the District Court a motion to proceed in forma pauperis ("IFP"), along with a motion for an emergency injunction. Walsh sought to halt the auction and foreclosure of the sale of his home, scheduled for December 5, 2015, which had been ordered by the Honorable Trish Corbett, Lackawanna County Court of Common Pleas, as part of Walsh's divorce proceedings. Walsh also asked in his motion (docketed as a complaint) that the District Court order Judge Corbett "to take notice of PLAINTIFF's rights under Title II of the Americans with Disabilities Act" as the state court judge had allegedly failed to take into account that he has a mental disability. Walsh further asked the Court "to appoint a new divorce master who will be [sic] respect PLAINTIFF's request for a reasonable accommodation of his disability in a new hearing." The Court granted his IFP motion, but denied the injunction request on December 2, finding that the motion/complaint was barred by the Rooker-Feldman doctrine.[1] The Court noted that all four factors for applying the doctrine were met as: (1) Walsh lost in state court; (2) he complained of injuries caused by the state-court judgment; (3) that judgment was rendered before he filed his motion in the District Court; and (4) he was inviting the

_____

[1] See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923), and D.C. Ct. App. v. Feldman, 460

2

District Court to review and reject the state court judgment. See Dist. Ct. Mem. Op. at 3-4 (citing Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010)). The Court concluded that it lacked jurisdiction, that Walsh failed to state a claim upon which relief could be granted, and that Walsh's claims were frivolous.

Walsh appealed the next day. We have jurisdiction to review the District Court's final judgment pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the Court's order dismissing the complaint. See Great W. Mining & Mineral Co., 615 F.3d at 163. We agree with the District Court that Walsh's complaint was barred by the Rooker-Feldman doctrine: (1) he complained about his loss in the state court (the order to auction his home); (2) he complained of the injuries caused by the state court order (that he would lose his home); (3) the state court order was entered before he commenced the federal proceeding; and (4) he invited the District Court to review and overturn the state court order. See id. at 166. We will therefore affirm the District Court's judgment.

Turning to the motions pending in our Court, Walsh's "'Motion for Set Aside' of the Auction of December 5, 2015" asks us to "set aside the results of the auction" of his home, which apparently took place as scheduled, "until such time [as his] appeals are exhausted in the Commonwealth Courts for Pennsylvania." He argues that Judge Corbett ignored his rights under the ADA and failed to provide him with due process in the state

---

U.S. 462 (1983).

3

court proceeding. He complains that his wife's brother made the only and winning bid, far under the appraised price.

Walsh does not explain what authority we would have to "set aside the results of the auction." We note that "[f]ederal courts are courts of limited jurisdiction." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). We can grant injunctive relief in extraordinary cases pursuant to 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction[] and agreeable to the usages and principles of law." But a writ of mandamus is traditionally used only "to confine an inferior [federal] court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Pressman-Gutman Co., Inc., 459 F.3d 383, 399 (3d Cir. 2006) (quoting Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943)). Walsh is not asking us to compel the District Court to do anything; rather, he asks us to reverse the sale of his home, ordered by the state court. Reversing Walsh's home sale would not aid us in exercising our jurisdiction to review the District Court's order. We thus lack the authority to do as he asks. See White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998) (per curiam) (federal court lacks authority to direct state court to perform its duty); Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991) (same). Walsh's motion and supplement are thus denied.

4