GLD-035                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3066
_____

JAMES COPPEDGE,
                    Appellant

v.

DEUTSCHE BANK NATIONAL TRUST;
MARTHA E. VON ROSENSTIEL, ESQ.;
JACQUELINE F. MCNALLY, ESQ.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-03268)
District Judge:  Honorable Thomas N. O'Neill, Jr.
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2012

Before:  FUENTES, FISHER and ROTH, Circuit Judges

(Opinion filed: January 22, 2013 )
_____

OPINION
_____

PER CURIAM

        James Coppedge appeals the denial of his request for a preliminary injunction.

1

We will affirm.

In June 2012, Coppedge filed suit in the United States District Court for the Eastern District of Pennsylvania. Basing his action on, inter alia, 42 U.S.C. § 1983, Coppedge appeared to challenge a mortgage-related proceeding that was currently ongoing in Pennsylvania state court, and raised several arguments associated with the "sovereign citizen" or "redemptionist" movements.[1] For example, he contested a writ of judgment that used his "corporate issue name" (using all upper-case letters, see Ford v. Pryor, 552 F.3d 1174, 1179 (10th Cir. 2008)) and proclaimed that there was "no lawful money." He demanded that each defendant "produce a Certified Copy of each of [his or her] OATHS OF OFFICE with an attached Bond to PROVE they have legal and lawful standing to operate in commerce against [Coppedge], a Secured Party Creditor."

Shortly after paying the filing fee, Coppedge lodged two other documents with the District Court. The first document was captioned "Motion for Injunction and Emergency Stay" (ECF No. 006), and seemed to request that the District Court enjoin the pending state-court writ of possession. Its attachments included an affidavit submitted to the Court of Common Pleas of Philadelphia County—in which Coppedge represented that he intended to "appeal" that court's decision to the Federal District Court—and a July 2012 order denying a request for summary judgment. The second document was captioned "Motion to Dismiss Writ of Possession due to Fraud . . . Emergency Stay and Injunction"

---

[1] See, e.g., United States v. Benabe, 654 F.3d 753, 766–67 (7th Cir. 2011); Bey v. Stumpf, 825 F. Supp. 2d 537, 539–46 (D.N.J. 2011).

(ECF No. 007). It argued that a writ of possession was voided in 2010 and that the state courts were erroneously allowing the voided writ to be acted upon. The District Court denied both motions, citing two grounds for declining to issue the requested injunction: abstention under Younger v. Harris, 401 U.S. 37 (1971), and a possible jurisdictional bar under the Rooker-Feldman[2] doctrine. In so doing, it acknowledged Coppedge's similar actions in other District Courts. See, e.g., Coppedge v. Beaumont, No. 10–394, 2010 WL 2382944 (D. Del. June 11, 2010). Coppedge timely appealed; the case otherwise remains open in District Court at the time of writing.

"[O]rders granting or denying preliminary injunctions are immediately appealable pursuant to 28 U.S.C. § 1292(a)(1)." Nutrasweet Co. v. Vit-Mar Enters., 112 F.3d 689, 692 (3d Cir. 1997).[3] We review generally for abuse of discretion, but we examine the Court's underlying factual findings for clear error and address questions of law de novo. N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff, 669 F.3d 374, 385 (3d Cir. 2012).

Coppedge has not shown that he is entitled to a preliminary injunction, as he did not meet the burden, which he bears, of establishing his right to injunctive relief. See Joseph Bancroft & Sons Co. v. Shelley Knitting Mills, Inc., 268 F.2d 569, 574 (3d Cir.

---

[2] D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

[3] Having analyzed Coppedge's original filings and the order of the District Court, we conclude that he was requesting preliminary injunctive relief and not merely a temporary restraining order. Were this not the case, we would lack jurisdiction. Nutrasweet, 112 F.3d at 692.

1959). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Neither Coppedge's complaint nor his subsequent submissions demonstrated a likelihood of success on the merits. In fact, he explicitly stated that he wanted the District Court to sit in appellate review of state-court proceedings, a role *specifically* prohibited by Rooker-Feldman. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 169 (3d Cir. 2010) (discussing the "prohibited exercise of appellate jurisdiction by the district court"). Further, in order for Younger abstention to apply (subject to certain exceptions that are not implicated here), there must be 1) ongoing state judicial proceedings, 2) implicating important state interests, 3) that give the parties an adequate opportunity to raise the relevant federal claims. Lazaridis v. Wehmer, 591 F.3d 666, 670 & n.4 (3d Cir. 2010) (per curiam). The District Court identified "pending state court proceedings involving Coppedge and Deutsche Bank raising issues directly related to those raised by Coppedge in this matter," and observed that Pennsylvania has "an important interest in resolving real estate issues" in its courts. Coppedge has not cast any doubt on the existence and adequacy of the Pennsylvania judicial proceedings, and when the first and third prongs of the Younger test are met, "neither injunctive nor declaratory relief will be available in cases in which the federal relief would render the state court's

4

orders or judgments nugatory." Id. at 671 (citations omitted).[4]

Thus, finding no substantial question to be presented by this appeal, we will summarily affirm the order of the District Court. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). Coppedge's additional submissions to this Court, to the extent that they request any independent relief, are denied. In closing, we note that Coppedge's sovereign-citizen-based averments, which frequently rely on attacks on the judiciary and invocations of alchemistic, archaic, and irrelevant formalism, are unlikely to bring him relief in *any* court of law, and he would be wise to direct his energies in a more productive direction.

---

[4] We separately observe that real estate, and especially the regulation, titling, and sale thereof, has traditionally been regarded as an important state interest. See, e.g., BFP v. Resolution Trust Corp., 511 U.S. 531, 544 (1994) (citing Am. Land Co. v. Zeiss, 219 U.S. 47, 60 (1911)); Burkart v. Coleman (In re Tippett), 542 F.3d 684, 689 (9th Cir. 2008) (citing BFP); Stroman Realty, Inc. v. Martinez, 505 F.3d 658, 664 (7th Cir. 2007) (holding that "the regulation of real estate professionals engaged in the business of timeshare brokerage" qualifies as "a valid, legitimate state interest" under the second prong of the Younger test); see also Lazaridis, 591 F.3d at 671 n.5; Witco Corp. v. Beekhuis, 38 F.3d 682, 689 (3d Cir. 1994) ("Probate law, like *real estate law* and domestic relations law, has traditionally been within the province of the individual states.") (emphasis added).