CLD-333                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2917
_____

In re: ARTHUR SCOTT PRELLE; CAROL ANN PRELLE,
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to Civ. No. 1-15-mc-00149)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 11, 2015
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Filed: October 2, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Pro se petitioners Arthur and Carol Prelle have filed a petition for writ of

mandamus.  For the reasons set forth below, we will deny the Prelles' petition.

        In their complicated and sometimes opaque mandamus petition,[1] the Prelles

challenge a mortgage-foreclosure action in the Delaware Superior Court.  The Prelles

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] The Prelles employ language and arguments common to adherents of the so-called

allege that Carol obtained a mortgage loan for her home in Claymont, Delaware. In 2014, Wells Fargo, which by this point had acquired the original lender's interest in the mortgage, initiated foreclosure proceedings. See Del. Super. Ct. No. N14L-05-013. It appears that a sheriff's sale was held in June 2015, and the property was sold. Currently pending in the Delaware Superior Court is a motion by the sheriff's-sale buyer for a writ of possession. See generally Del. Code Ann. tit. 10, § 5011.

In June 2015, the Prelles filed an action in the District Court. See D. Del. Civ. A. No. 1:15-mc-0149. The Prelles captioned that action as Arthur and Carol Prelle (private American national citizens) vs. ARTHUR and CAROL PRELLE (registered entities established in the State of New Jersey). They objected, broadly, to the ongoing foreclosure proceedings, and sought to file a lis pendens against the property. The District Court dismissed the action as frivolous, concluding that the Prelles had failed to allege a basis for federal jurisdiction.

The Prelles challenge both the federal and state proceedings. They allege that they retain ownership of the property, that Wells Fargo has acted improperly in pursuing the foreclosure action, that procedural irregularities have marred the state action, and that the District Court committed legal errors in dismissing the federal action.

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).

---

"sovereign-citizens movement." See generally Coppedge v. Deutsche Bank Nat'l Trust, 511 F. App'x 130, 131 (3d Cir. 2013) (discussing similar theories).

Generally, mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (quoting In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000)).

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue writs of mandamus "in aid of" our jurisdiction and "agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). We may therefore consider a petition for mandamus only if the action involves subject matter that may at some time come within this Court's appellate jurisdiction. See United States v. Christian, 660 F.2d 892, 894-95 (3d Cir. 1981). To the extent that the Prelles ask us to direct the Delaware Superior Court to terminate the foreclosure action (or order that court to take any particular action), we lack authority to grant their request. See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam); see also White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998).

Moreover, mandamus may not be used as a substitute for appeal. See In re Diet Drugs, 418 F.3d at 378-79. "If, in effect, an appeal will lie, mandamus will not." In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). Thus, the Prelles cannot challenge the District Court's dismissal of their action in D. Del. Civ. A. No. 1:15-mc-0149 via a petition for writ of mandamus.

Accordingly, we will deny the Prelles' mandamus petition. Moreover, insofar as the Prelles seek an injunction pending the disposition of their mandamus petition, their request is denied because they have not established a likelihood that they will prevail on the merits. See NutraSweet Co. v. Vit–Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir.

3

1999); <u>SEC v. Citigroup Global Markets Inc.</u>, 673 F.3d 158, 162 (2d Cir. 2012). Finally, because the Prelles have not shown that "disclosure will work a clearly defined and serious injury to the party seeking closure," <u>In re Cendant Corp.</u>, 260 F.3d 183, 194 (3d Cir. 2001) (quoting <u>Miller v. Indiana Hosp.</u>, 16 F.3d 549, 551 (3d Cir. 1994)), we deny their motion to seal their filings.