**\*AMENDED CLD-089**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1052
_____

IN RE:  ARTHUR SCOTT PRELLE,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 3-16-cv-05447)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 16, 2020
Before:  JORDAN, KRAUSE, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 3, 2020)
_____

OPINION*
_____

PER CURIAM

Arthur Scott Prelle petitions for a writ of mandamus.  For the reasons below, we

will deny the petition.

In September and October 2016, Prelle submitted a complaint, amended

complaint, and second amended complaint to the District Court for the District of New

Jersey along with applications to proceed in forma pauperis (IFP).  By order entered

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

November 4, 2016, the District Court denied the IFP application, finding that Prelle had not provided sufficient information for the Court to determine whether he was entitled to proceed in forma pauperis.  It also noted that Prelle did not sign the form affidavit of the application and instead wrote his own affidavit.  The District Court gave Prelle two weeks to properly complete the form or pay the $400 filing fee.

Prelle filed another IFP application as well as fourth and fifth amended complaints.  By order entered October 2, 2017, the District Court determined that that IFP application was insufficient as well.  It warned Prelle against the continued use of nonsensical language and inaccurate information in his IFP applications.  It gave Prelle another chance to file an IFP application by October 27, 2017.  The District Court docket does not reflect any filings by Prelle until July 2018 when he filed a motion for leave to amend the complaint and appoint a special solicitor.  Several months later, in March 2019, Prelle filed an IFP application.

On April 17, 2019, the District Court denied the IFP application, noting that Prelle had again failed to supply sufficient financial information and had given contradictory information regarding a 2015 Lexus.  The District Court repeated its warning that Prelle cease using nonsensical language in his IFP applications.  It gave Prelle thirty days to file a proper IFP application.  On May 3, 2019, Prelle filed another IFP application before the District Court, which is still pending.  That IFP application was still not compliant with the District Court's instructions.  In that IFP application, Prelle claimed to be using the value of a silver dollar, which he states was worth $17.41 at the time, to fill out his

application and declaration. Thus, that IFP application was also based on inaccurate financial information.[1]

Prelle then filed the mandamus petition before us and an IFP application. The Clerk of this Court granted the IFP application. Upon further review, we determined that Prelle had not provided accurate financial information in his IFP application and likely did not qualify for IFP status. We ordered Prelle to show cause why we should not vacate the order granting him IFP status and deny the IFP application. Prelle has filed a response, albeit a nonsensical one,[2] and we will discharge the order to show cause. Because Prelle has not shown cause why his IFP application should not be denied, we will vacate the Clerk's order granting his IFP application and deny the IFP application. We warn Prelle that if he files IFP applications in the future in this Court, or any district court within this judicial circuit, he must be forthright and supply accurate information.

---

[1] While he claimed to have little income or money in any bank accounts, Prelle submitted in the District Court copies of checks for his monthly car payments for a 2015 Lexus. Between December 2017 and June 2018, Prelle appears to have written checks for over $5700 for the Lexus. See Motion for Leave, Ex. 35 (filed July 3, 2018). In his District Court IFP application, he listed the Lexus as an asset worth only $1000.

[2] In addressing a prior mandamus petition filed by Prelle, we noted that he used language common to adherents of the so-called "sovereign-citizens movement." See In re Prelle, 616 F. App'x 52, 52 n.1 (3d Cir. 2015)(per curiam); see also Coppedge v. Deutsche Bank Nat'l Tr., 511 F. App'x 130, 133 (3d Cir. 2013) ("we note that Coppedge's sovereign-citizen-based averments, which frequently rely on attacks on the judiciary and invocations of alchemistic, archaic, and irrelevant formalism, are unlikely to bring him relief in *any* court of law, and he would be wise to direct his energies in a more productive direction."). Neither the language in Prelle's response nor the dollar he submitted, which has been returned to him, entitles him to any benefits, deeds, or property interests.

3

After filing his response to the order to show cause, Prelle paid the filing fee for the petition. Thus, we will address the merits of his mandamus petition. Prelle requests that we order the District Court to rule on his IFP application and appoint a judge "at least three degrees removed from" all parties in the matter.

According to the District Court docket, Prelle recently paid the filing fee in the District Court. Thus, his request that we order the District Court to rule on his IFP motion is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

As for his request that we order the District Court to appoint a District Judge three degrees removed from the parties, we will deny relief. Prelle has made no allegations of bias by the District Judge which would support mandamus relief ordering reassignment.

For the above reasons, we discharge the order to show cause, vacate the Clerk's January 9, 2020 order granting Prelle's IFP application, and deny the IFP application, and we will deny the mandamus petition.