**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3384
_____

In re:  JAMES COPPEDGE,
                                        Debtor

JAMES COPPEDGE; KRISHA M. COPPEDGE,
                                        Appellants

v.

JANET Z. CHARLTON
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-19-cv-01640)
District Judge:  Honorable Maryellen Noreika
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2020

Before:  KRAUSE, MATEY and COWEN, Circuit Judges

(Opinion filed: March 24, 2020)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellants James and Krista Coppedge appeal the District Court's order denying their requests for injunctive relief.[1]  For the reasons detailed below, we will dismiss the appeal as moot.

In 2011, the Delaware Superior Court granted judgment in favor of U.S. Bank in a foreclosure action it had instituted against the Coppedges.  See U.S. Bank Nat'l Ass'n v. Coppedge, No. CV K11L-02-042 RBY, 2015 WL 2209073, at *1 (Del. Super. Ct. May 5, 2015).  Since then, the Coppedges have sought to challenge that judgment in both state and federal court, to no avail.

At issue here are several motions for a preliminary injunction that the Coppedges filed in District Court.[2]  As the District Court explained, these motions were filed "solely to prevent a foreclosure sale scheduled for October 3, 2019."  ECF No. 24 at 1.  The District Court denied the motions.  The Court noted that the Coppedges' primary argument was that they had paid their debt with "what [they] alternatively call I099A, B, C, OID and Form 1090 Registered Bonded Promissory Note and a personal check marked 'not for deposit EFT only.'"  Id. at 5–6.  The Court determined that these documents were "fraudulent," id. at 7, and thus concluded that there was no basis to stay the foreclosure sale.  On October 11, 2019, the Coppedges appealed.  In this Court, they

---

[1] Under 28 U.S.C. § 1292(a)(1), we generally have jurisdiction to review orders denying injunctions.

[2] We agree with the District Court that the Coppedges were not seeking review of any order of the Bankruptcy Court, notwithstanding some stray language in their initial filing. See ECF No. 24 at 1–2.

2

have filed a motion to cancel the foreclosure sale.

We will dismiss the appeal as moot. "Article III extends the Judicial Power of the United States only to 'cases' and 'controversies.'" Unalachtigo Band of Nanticoke Lenni Lenape Nation v. Corzine, 606 F.3d 126, 129 (3d Cir. 2010). This "case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate," Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009); "once the controversy ceases to exist the court must dismiss the case for lack of jurisdiction," Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992).

As the District Court explained, in their motions for preliminary injunctions, the Coppedges sought only to enjoin the October 3, 2019 foreclosure sale. See ECF No. 24 at 1.[3] In their appellate brief, the Coppedges acknowledge that the foreclosure sale occurred as scheduled. See Appellant's Br. at 4, 7. There is now no meaningful relief that we can grant. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot."); Brill v. Gen. Indus. Enters., Inc., 234 F.2d 465, 469 (3d Cir. 1956) ("[W]here the act

---

[3] In this Court, the Coppedges have raised a variety of wide-ranging arguments. However, in this appeal, we are reviewing only the District Court's denial of their motions for injunctive relief. Moreover, we reiterate that "Coppedge's sovereign-citizen-based averments, which frequently rely on attacks on the judiciary and invocations of alchemistic, archaic, and irrelevant formalism, are unlikely to bring him relief in any court of law, and he would be wise to direct his energies in a more productive direction." Coppedge v. Deutsche Bank Nat. Tr., 511 F. App'x 130, 133 (3d Cir. 2013) (per curiam).

sought to be restrained has been performed, the appellate courts will deny review on the ground of mootness.").

Accordingly, we will dismiss the appeal. The motion to cancel the foreclosure sale is denied.