**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2717
_____

JAMES COPPEDGE,
                              Appellant

v.

SLS LLC; ORLANS PC
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-21-cv-01412)
District Judge:  Honorable Maryellen Noreika
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2023
Before:  KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed:  February 9, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James Coppedge, proceeding pro se, appeals orders of the United States District Court for the District of Delaware dismissing his complaint and denying his motions for reconsideration. For the reasons that follow, we will affirm.

## I.

In 2011, the Delaware Superior Court granted judgment in favor of U.S. Bank in a foreclosure action against Petitioner James Coppedge. See U.S. Bank Nat'l Ass'n v. Coppedge, No. CV K11L-02-042 RBY, 2015 WL 2209073, at *1 (Del. Super. Ct. May 5, 2015). Since then, Coppedge has repeatedly sought to challenge that judgment in both state and federal court, to no avail.[1] After the property at issue was sold at a sheriff's sale and Coppedge was notified to vacate the premises, he filed a "Motion to Dismiss" in the District Court. That motion was docketed as a complaint and appeared to challenge the state court foreclosure judgment and property transfer, as well as allege, inter alia, unlawful debt collection practices by defendants Orlans PC and SLS, LLC. Coppedge sought to vacate the state court judgment of foreclosure and void the transfer of the property. Upon motion of the defendants, and relying in part on the Rooker-Feldman doctrine,[2] the District Court dismissed the action for lack of subject matter jurisdiction

---

[1] See, inter alia, Coppedge v. U.S. Bank Nat'l Ass'n, 35 A.3d 418 (Del. 2011) (table); Coppedge v. U.S. Bank Nat'l Ass'n, 103 A.3d 514 (Del. 2014) (table); Coppedge v. Conway, Civ. Action No. 14-1477-GMS, 2015 WL 168839 (D. Del. Jan. 12, 2015); Coppedge v. U.S. Bank Nat'l Ass'n, 176 A.3d 122 (Del. 2017) (table).

[2] See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of App. V. Feldman, 460 U.S. 462 (1983).

and failure to state a claim.  Coppedge's subsequent motions for reconsideration were denied, and Coppedge promptly appealed.[3]

## II.

We have jurisdiction under 28 U.S.C. § 1291.  We exercise de novo review over the grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018); Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006) (exercising de novo review over district court's invocation of Rooker-Feldman doctrine).  We review for the abuse of discretion the District Court's orders denying reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

To the extent that Coppedge seeks to challenge and set aside state-court judgments pertaining to the mortgage foreclosure action and subsequent sale of the property at issue, we agree with the District Court that his claims are barred by the Rooker-Feldman doctrine.  See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (prohibiting actions where "the plaintiff is inviting the district court to review and reject the state judgments"); see also Merritts v. Richards, ___ F.4th ___, No. 19-1335, 2023 WL 2532055, at *5 (3d Cir. March 16, 2023) ("The Rooker-Feldman doctrine prevents district courts from mistakenly relying on their original jurisdiction to

---

[3] Coppedge's notice of appeal was timely filed and brings up the underlying order of dismissal for review.  See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.20 (3d Cir. 2012).

3

engage in appellate review of state-court orders.").[4]  To the extent that Coppedge's

filings, when construed liberally, include claims that survive Rooker-Feldman scrutiny,

see Lance v. Dennis, 546 U.S. 459, 464 (2006) (per curiam), we agree with the District

Court that Coppedge failed to allege sufficient facts to state a claim upon which relief

could be granted.  See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 225 (3d Cir. 2011).

Coppedge's mostly indecipherable allegations against the defendants did not demonstrate

a "right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Further, based on

Coppedge's filings both in the District Court and in this Court, we conclude that the

District Court did not abuse its discretion in concluding that further amendment of these

claims is futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).[5]

---

[4] While Coppedge's filings, both in this Court and the District Court, are not easily deciphered, he appears to assert on appeal that the Rooker-Feldman doctrine is unconstitutional because it "allows an unjust privilege to the CITY and/or STATE COURTS" and "bars an appeal to a Higher Court."  3d Cir. ECF No. 8 at 8.  This argument lacks merit, as the Rooker-Feldman doctrine does not bar all further review of state court judgments.  Rather, "[t]he Rooker-Feldman doctrine is based on the statutory foundation of 28 U.S.C. § 1257 and the well-settled understanding that the Supreme Court of the United States, not the lower federal courts, has jurisdiction to review a state court decision."  Parkview Assoc. Partnership v. City of Lebanon, 225 F.3d 321, 324 (3d Cir. 2000).  Accordingly, "a party's recourse for an adverse decision in state court is an appeal to the appropriate state appellate court, and ultimately to the Supreme Court under § 1257, not a separate action in federal court."  Id.

[5] We reiterate that "Coppedge's sovereign-citizen-based averments, which frequently rely on attacks on the judiciary and invocations of alchemistic, archaic, and irrelevant formalism, are unlikely to bring him relief in any court of law, and he would be wise to direct his energies in a more productive direction."  Coppedge v. Deutsche Bank Nat. Trust, 511 F. App'x 130, 133 (3d Cir. 2013) (per curiam).

4

Finally, the District Court did not abuse its discretion in denying Coppedge's motions for reconsideration. A motion for reconsideration may be used "to correct manifest errors of law or fact or present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quotation marks omitted). The District Court correctly concluded that Coppedge failed to present any errors of law or fact, or introduce newly discovered evidence or precedent. Rather, Coppedge improperly attempted to relitigate issues that the District Court had already considered, including his arguments regarding the application of the Rooker-Feldman doctrine to his claims. See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

Accordingly, we will affirm the judgment of the District Court.[6]

---

[6] Coppedge's "Petition for Arbitration Hearing for Settlement of Invoices," 3d Cir. ECF No. 27, is denied.