**AMENDED ALD-044**                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2105
_____

IN RE: STANLEY ARISTILDE,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 5:25-cv-01514)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 13, 2026
Before:  SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: January 21, 2026)
_____

OPINION*
_____

PER CURIAM

Stanley Aristilde petitions this Court for a writ of mandamus pursuant to 28 U.S.C.

§ 1651.  For the following reasons, we will deny the mandamus petition.

Section 1651 confers jurisdiction on this Court to issue a writ of mandamus "in aid

of" our jurisdiction.  28 U.S.C. § 1651.  Mandamus provides a "drastic remedy that a

court should grant only in extraordinary circumstances in response to an act amounting to

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

a judicial usurpation of power." *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996) (citations and internal quotation marks omitted). To justify the Court's use of this extraordinary remedy, Aristilde would have to show a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 89 (3d Cir. 1992). He cannot make this requisite showing.

It is unclear exactly what relief Aristilde seeks. To the extent that his request relates to an action that he filed in the United States District Court for the Eastern District of Pennsylvania in March 2025, *Aristilde v. Doe*, E.D. Pa. Civ. No. 5:25-cv-01514, mandamus will not lie where an appeal may be had. *In re Nwanze*, 242 F.3d 521, 524 (3d Cir. 2001) ("[G]iven its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal.") (citation omitted). Aristilde appealed the District Court's judgment in that case. *See* C.A. No. 25-2035. And, to the extent that Aristilde seeks relief directed at the Northampton County Court of Common Pleas, we generally lack authority to issue a writ of mandamus to a state court, or otherwise compel a state actor to perform a state action. *See In re Richards*, 213 F.3d 773, 781 (3d Cir. 2000) (explaining that, ordinarily, federal courts of appeal "lack appellate jurisdiction over their state counterparts, thus making writs of mandamus generally inappropriate"); *White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998) (per curiam) (explaining that a federal court "lack[s] jurisdiction to direct a state court to perform its duty").[1]

---

[1] In a supplement to his mandamus petition, Aristilde vaguely suggested that we should "secure all telecommunication service connections without unwanted surveillance,"

Accordingly, we will deny the petition for a writ of mandamus.[2]

---

"investigate all telecommunication service connections for breach of secure services," and "secure [his] rights to life[,] liberty and happiness." *See* CM/ECF No. 8 at 2. We lack mandamus authority to compel these actions which would not aid our jurisdiction. *See United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981).

[2] Aristilde's motions, including his motion for declaratory relief, "Motion To/For Broad Coercive Injunctive Relief," "Motion To/For Equitable Assignment and Constructive Trust," "Motion To/For Creditors Bill/Creditors Legal Process," "Motion To/For Correction of Case Caption," and "In Camera – Motion To/For Relief From Duress Economic Compulsion," and "Motion To/For Action to Enforce Lien" are denied.